IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL B. ROBERTSON,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social Security,**<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:10-cv-623-PMW<br><br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Michael B. Robertson's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

## BACKGROUND

In December 2006, Plaintiff applied for DIB and SSI, alleging disability beginning on April 6, 2005.[1] Plaintiff's applications were denied initially and upon reconsideration.[2] Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and

---

[1] *See* docket no. 17, Administrative Record ("Tr. ____") 129-143.

[2] *See* Tr. 58-59, 61-62.

that hearing was held on April 13, 2009.[3] On May 22, 2009, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[4] On June 10, 2010, the Appeals Council denied Plaintiff's request for review,[5] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On July 19, 2010, Plaintiff filed his complaint in this case, which was assigned to District Judge Clark Waddoups.[6] On May 19, 2011, Judge Waddoups issued an order to show cause why this case should not be dismissed based on Plaintiff's failure to prosecute the case.[7] Plaintiff filed a timely response to the order to show cause[8] and, subsequently, effected proper service of the summons and complaint on the Commissioner.[9] The Commissioner filed his answer on October 25, 2011,[10] and the court received the Administrative Record the same day.[11]

---

[3] *See* Tr. 23-55.

[4] *See* Tr. 7-22.

[5] *See* Tr. 1-4.

[6] *See* docket no. 3.

[7] *See* docket no. 4.

[8] *See* docket no. 5.

[9] *See* docket no. 15.

[10] *See* docket no. 16.

[11] *See* docket no. 17.

On July 29, 2011, Judge Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[12]  Subsequently, on August 5, 2011, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[13]  Consequently, the case was reassigned to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[14]

Plaintiff filed his opening brief on December 2, 2011.[15]  The Commissioner filed his answer brief on January 6, 2012.[16]  Plaintiff filed his reply brief on February 3, 2012.[17]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a

---

[12] *See* docket no. 12.

[13] *See* docket no. 13.

[14] *See id*.

[15] *See* docket no. 21.

[16] *See* docket no. 22.

[17] *See* docket no. 23.

scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) at step two of the sequential evaluation process; (2) by failing to

consider whether Plaintiff's impairments meet or equal section 4.04B ("listing 4.04B") of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 4.04B (ischemic heart disease); and (3) by concluding that Plaintiff had the RFC to return to his past relevant work and to perform other jobs identified by the vocational expert. The court will address those arguments in turn.

### I. Step Two

Plaintiff first argues that the ALJ erred at step two of the sequential evaluation process by failing to conclude that Plaintiff's generalized anxiety disorder and gender identity disorder were severe impairments. The Tenth Circuit has stated that "a claimant is required to establish, and an ALJ is required to find, only one severe impairment" at step two. *See Dray v. Astrue*, 353 Fed. App'x 147, 149 (10th Cir. 2009). The *Dray* court went on to state:

> By their plain terms, the regulations require a claimant to show only "*a* severe" impairment--that is, *one* severe impairment--in order to avoid a denial of benefits at step two. As long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step. Accordingly, the failure to find a particular impairment severe at step two is not reversible error as long as the ALJ finds that at least one other impairment is severe.

*Id*; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007).

In this case, the ALJ determined that Plaintiff had several severe impairments at step two. Accordingly, his failure to conclude that Plaintiff's generalized anxiety disorder and gender

identity disorder were severe impairments is not reversible error. *See Dray*, 353 Fed. App'x at 149.

## II. Listing 4.04B

Plaintiff argues that the ALJ erred by failing to consider whether Plaintiff's impairments meet or equal the requirements of listing 4.04B. In response, the Commissioner does not argue that the ALJ did consider listing 4.04B, and a review of the ALJ's decision confirms that he did not consider or mention that listing. The Commissioner also does not argue that listing 4.04B is inapplicable or irrelevant in this case. Instead, the Commissioner argues that the ALJ's findings at the other steps of the sequential evaluation process provide a proper basis for upholding the ALJ's step three conclusion and, consequently, the ALJ's failure to address listing 4.04B was harmless error. The Commissioner also argues that the record evidence does not establish that Plaintiff's impairments meet or equal the requirements of listing 4.04B.

The court first addresses the ALJ's failure to address listing 4.04B. At step three, an ALJ is required to identify the listing or listings that are relevant and applicable in a particular case. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The ALJ is also required to discuss the evidence and his reasons for concluding that a claimant does not meet or equal a relevant and applicable listing. *See id*. In this case, the court has determined that listing 4.04B was a relevant and applicable listing, and it is undisputed that the ALJ failed to make any reference to that listing. Further, by ALJ failing to identify that listing, it logically follows that the ALJ likewise failed to discuss the evidence and his reasons for determining that Plaintiff's impairments did not meet or equal listing 4.04B. The court concludes that these failures constitute an error.

However,

> [a] step three error, such as the one in this case, does not automatically require remand. Instead, [the court] must consider whether "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." *Fischer-Ross v. Barnhart*, 431 F.3d 792, 734 (10th Cir. 2005). If such findings "conclusively preclude [a c]laimant's qualification under the listings at step three" such that "no reasonable factfinder could conclude otherwise," then any step three error is harmless. *Id*. at 735. If, however, there are no findings that "conclusively negate the possibility" that a claimant can meet a relevant listing, *see id.*, we must remand to the ALJ for further findings, *see Clifton*, 79 F.3d at 1009-10.

*Murdock v. Astrue*, 458 Fed. App'x 702, 703-04 (10th Cir. 2012).

As noted above, the Commissioner argues that the ALJ's findings at the other steps of the sequential evaluation process provide a proper basis for upholding the ALJ's step three conclusion and, therefore, the ALJ's failure to address listing 4.04B constituted harmless error. The Commissioner also argues that the record evidence does not establish that Plaintiff's impairments meet or equal the requirements of listing 4.04B. The court disagrees with both of those arguments. As Plaintiff has noted in both his opening brief[18] and reply brief,[19] it appears that the record evidence does in fact establish that Plaintiff's impairments meet or equal the requirements of listing 4.04B. Under those circumstances, the court cannot say that the ALJ's failure to address listing 4.04B was harmless error. Even in light of that conclusion, the court makes clear that it expresses no conclusive opinion about whether the medical record does in fact

---

[18] *See* docket no. 21 at n.11.

[19] *See* docket no. 23 at n.1.

demonstrate that Plaintiff's impairments meet or equal the requirements of listing 4.04B. That issue will be left for the ALJ to determine on remand.

### III.  Remaining Argument

In light of the court's decision to reverse and remand this case based on the ALJ's failure at step three to consider whether Plaintiff's impairments meet or equal the requirements of listing 4.04B, the court "will not reach the remaining issue[] raised by [Plaintiff] because [it] may be affected by the ALJ's treatment of this case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

### CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **REVERSED AND REMANDED** for further proceedings consistent with this memorandum decision and order.

**IT IS SO ORDERED**.

DATED this 26th day of July, 2012.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge