**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **MICHAEL B. ROBERTSON,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:10-cv-623-PMW** |
| **MICHAEL J. ASTRUE,** **Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is Michael B. Robertson's ("Plaintiff") motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1]  *See* docket no. 13.

[2]  *See* docket no. 28.

**BACKGROUND**

In December 2006, Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f, alleging a disability onset date of April 6, 2005. Plaintiff's applications were denied initially and upon reconsideration. On May 22, 2009, an administrative law judge ("ALJ") issued a written decision denying Plaintiff's claims. On June 10, 2010, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision Michael J. Astrue's ("Commissioner") final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

Plaintiff filed this case on July 19, 2010, seeking judicial review of the Commissioner's final decision.[3] On July 26, 2012, this court issued a memorandum decision and order ("Order") reversing the Commissioner's decision and remanding the case for further administrative proceedngs based on the ALJ's failure to consider whether Plaintiff's impairments meet or equal section 4.04B ("listing 4.04B") of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 4.04B (ischemic heart disease).[4]

---

[3] *See* docket no. 3.

[4] *See* docket no. 24.

After receiving an extension of time,[5] Plaintiff filed the motion for attorney fees currently before the court on October 10, 2012.[6]  On October 24, 2012, the Commissioner filed his opposition to Plaintiff's motion.[7]  On November 13, 2012, Plaintiff filed his reply.[8]

## ANALYSIS

The EAJA provides for an award of attorney fees and other expenses to a prevailing party, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further provides that

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not

---

[5]  *See* docket nos. 26, 27.

[6]  *See* docket no. 28.

[7]  *See* docket no. 29.

[8]  *See* docket no. 31.

> substantially justified.  Whether or not the position of the United
> States was substantially justified shall be determined on the basis
> of the record (including the record with respect to the action or
> failure to act by the agency upon which the civil action is based)
> which is made in the civil action for which fees and other expenses
> are sought.

*Id*. § 2412(d)(1)(B).

> [T]he Commissioner ha[s] the burden of proof to show that
> [his] position was substantially justified.  The test for substantial
> justification in this circuit is one of reasonableness in law and fact.
> Thus, the [Commissioner's] position must be justified to a degree
> that could satisfy a reasonable person.  The [Commissioner's]
> position can be justified even though it is not correct.

*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotations and citations omitted).

Plaintiff argues that he is entitled to an award of $6000.00 for attorney fees pursuant to the EAJA and has included the required itemized statement of fees.  Plaintiff asserts that he is the prevailing party and that the position of the Commissioner in this case was not substantially justified.  Plaintiff further contends that the fees sought are reasonable.  In his reply memorandum, Plaintiff requests additional attorney fees of $1500.00 incurred in preparing that reply memorandum and has included the required itemized statement of fees.  *See, e.g.*, *Rose-Velasquez v. Astrue*, No. 2:06-cv-297-TS, 2008 U.S. Dist. LEXIS 31329, at *6 (D. Utah Apr. 16, 2008) (unpublished) (determining that an award of fees incurred as a result of the dispute over the amount of proper fees was appropriate).

In response, the Commissioner argues that his position in this case was substantially justified.  The Commissioner also argues that if attorney fees are to be awarded in this case, they should be awarded directly to Plaintiff, not to Plaintiff's counsel.

The court has determined that the Commissioner's first argument is without merit.  While it is true that the Commissioner's position can be justified even if it is not correct, *see Hackett*, 475 F.3d at 1172, the court disagrees with the Commissioner that said principle applies in this case.  Instead, the court concludes that the Commissioner's position was not substantially justified.

In the Order, the court concluded that listing 4.04B was a relevant and applicable listing.  The court also determined, and the Commissioner did not dispute, that the ALJ failed to identify or discuss that listing.  *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (providing that, at step three of the sequential evaluation process, the ALJ is required to identify the listing or listings that are relevant and applicable in a particular case).  The court concluded that those failures constituted an error.  The court went on to conclude that said error was not harmless, despite the Commissioner's arguments to the contrary.

In his response to Plaintiff's motion for attorney fees, the Commissioner argues that, based on the record evidence, listing 4.04B was not relevant or applicable in this case and, consequently, the ALJ was not required to consider it.  The Commissioner also argues that, even if the ALJ did commit an error concerning listing 4.04B, any such error was harmless.  In essence, the Commissioner simply reasserts the same arguments that the court rejected in the Order with respect to listing 4.04B and contends that those arguments were substantially justified.  As noted above, the court disagrees.  The court has already concluded in the Order that listing 4.04B was relevant and applicable.  In light of that conclusion and the ALJ's failure to

even mention listing 4.04B, the court cannot agree that the Commissioner's position was substantially justified.

As to the Commissioner's second argument, the court concludes that any award of EAJA fees must be paid to directly to Plaintiff, rather than to Plaintiff's counsel.  This conclusion is consistent with case law from the Tenth Circuit.  *See Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. 2008) (unpublished) ("The district court correctly held that [the plaintiff's] assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him.  Thus, the district court correctly declined to award the fees directly to counsel."); *Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007) (holding, based on statutory language, legislative history, and case law, that an attorney fee award under the EAJA is to the prevailing party and not to the prevailing party's counsel).  The court also notes that Plaintiff has indicated in his reply brief that he has no objection to an award of fees directly to him, rather than to his counsel.

Finally, although not challenged by the Commissioner, the court concludes that the attorney fees sought by Plaintiff are reasonable.

Based on the foregoing, Plaintiff's motion for attorney fees pursuant to the EAJA[9] is **GRANTED**.  Within thirty (30) days of the date of this order, the Commissioner shall pay

---

[9]  *See* docket no. 28.

Plaintiff an EAJA attorney fee award of $7500.00, but that award shall be payable directly to

Plaintiff, not to his counsel.

**IT IS SO ORDERED**.

DATED this 13th day of December, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

7